KNOLL, Judge.
This suit concerns the rights and liabilities of several parties regarding an invalid title to a 1982 BMW 745i. In January 1983, the first purchaser of the BMW, Edward J. Cop, contacted Sunbelt Auto Imports, Inc. (Sunbelt) in Houston, Texas about purchasing a BMW. Cop subsequently purchased the BMW from Sunbelt and received a Louisiana certificate of title.
In September of 1983, Cop sold the BMW to Wade B. Randolph, Jr. who applied for and received a Louisiana certificate of title. In March of 1984, James H. Boyer, the plaintiff, purchased the BMW from Randolph and obtained a Louisiana certificate of title. Boyer resides in Lake Charles. On June 13, 1985, when he was at the Lake Charles’ YMCA, his BMW was removed from the parking lot by an unknown person, without his consent and not pursuant to any legal proceedings. Boyer noticed that his BMW was missing while he was jogging around the YMCA track. After he noticed that his car was not where he thought he had parked it, he walked over to the parking lot to see whether he was mistaken as to where he had parked it. Upon ascertaining that his BMW was missing, Boyer reported the apparent theft to the local police and notified his insurer, Trinity Universal Insurance Company of Kansas, Inc. (Trinity), of the loss.
Several weeks later, Boyer received an envelope postmarked from Germany which contained his personal belongings from the automobile and a letter from Reimer-Ob-erst, a German BMW dealership, advising Boyer that Sunbelt, the importer of the vehicle, had never paid for the automobile.[1] The letter further advised that because Sunbelt failed to pay for the vehicle, Reimer-Oberst never released the original title certificate and consequently, it had “reprocessed” the BMW. The automobile is presently held in a Houston, Texas garage pending unspecified court proceedings in Harris County, Texas.
After negotiations with Trinity failed, Boyer filed suit under the theft provisions of the insurance policy for the loss of his BMW. Trinity filed a general denial answer and a third-party demand against Randolph (Boyer’s predecessor in title) for indemnification in case Trinity is cast in judgment. Randolph filed a third-party demand against Cop (his predecessor in title) for indemnification in the event that he would be cast in judgment.[2]
After trial on the merits, the court granted judgment in favor of Boyer and against Trinity in the amount of $30,000.00, the *386 approximate value of the BMW. In addition, the trial court dismissed the third-party demands of Trinity and Randolph without assigning any reasons.
Trinity suspensively appeals the judgment and alleges that the trial court erred: in failing to grant Boyer’s claims against Randolph;[3] and in failing to grant its third-party demand against Randolph for indemnification. Randolph initially answered the appeal, contending that the trial court erroneously dismissed his third-party demand against Cop, but later dismissed it on his own motion. Boyer has not appealed.
TRINITY’S THIRD-PARTY DEMAND
Trinity seeks indemnification from Randolph, contending that the trial court erred in failing to grant judgment in favor of Boyer against Randolph[4], and further arguing that the trial court also erred in dismissing its third-party demand against Randolph.
We first look at the legal relationship between Boyer and his immediate predecessor in title, Randolph. A seller is bound to two principal obligations, that of delivering and that of warranting the thing which he sells. LSA-C.C. Art. 2475. The warranty respecting the seller has two objects: the buyer’s peaceable possession of the thing sold, and the second is the hidden defects of the thing sold, or its redhibitory vices. LSA-C.C. Art. 2476.
The peaceable possession of a buyer is disturbed when he is evicted from the totality or a part of the thing purchased, due to the right or claims of a third person. LSA-C.C. Art. 2500. Moreover, Civil Code Article 2501 defines the buyer’s warranty against eviction:
“Although at the time of the sale no stipulations have been made respecting the warranty, the seller is obliged, of course, to warrant the buyer against the eviction suffered by him from the totality or part of the thing sold, and against the charges claimed on such thing, which were not declared at the time of the sale.”
Louisiana law is clear that an evicted buyer is entitled to the restitution of the purchase price from the seller. LSA-C.C. Art. 2506; Benezach v. Glaudi, 10 La.App. 746, 123 So. 144 (La.App.Orl.1929).
In the case sub judice, it is clear that Boyer’s peaceable possession of the BMW has been disturbed. After Boyer’s peaceful possession was disturbed, it was later determined that Boyer had never received valid title to the vehicle because Sunbelt had not paid Reimer-Oberst for the automobile.
Dr. Richard Novak, an expert witness fluent in German, interpreted several German documents. His testimony shows that the manufacturer’s certificate of title was transferred by Bavarian Motor Works of Germany to Manfred Schaefer, Inc. In addition, the record contains certified documents from the Texas Department of Highways and Transportation which show that in 1986, Manfred Schaefer, Inc. transferred the BMW to Auto Schaefer, Inc., a Texas corporation. At the present time, it is apparent that Auto Schaefer, Inc. retains valid title to the BMW.
Once Boyer was evicted from possession of the automobile, he could institute suit against his seller, Randolph, under the express warranty of title in the bill of sale between them. Therefore, we find that the trial court was manifestly erroneous in failing to find Randolph liable to Boyer.
We now turn our attention to Trinity’s indemnity claim against Randolph. In Bewley Furniture Co., Inc. v. Maryland *387 Casualty Co., 285 So.2d 216, 219 (La.1973), the Louisiana Supreme Court characterized indemnification as follows:
“It has long been held in Louisiana that a party not actually at fault, whose liability results from the faults of others, may recover by way of indemnity from such others. The cases have referred to this imposed liability variously as technical, ■constructive, vicarious and derivative.
¡}c j}! sfc * >}: s}s
The rule of indemnity ... is founded upon the general obligation to repair the damage caused by one’s fault (La.Civ. Code Art. 2315) and the moral maxim that ‘no one ought to enrich himself at the expense of another.’ ”
Applying this jurisprudence to the case sub judice, we find that Trinity, who was found vicariously liable to Boyer under its contract of insurance, sought indemnification from Randolph on the basis that the cause of Boyer’s eviction was Randolph’s defective title to the BMW. Under this analysis, it is clear that Randolph was the real party at fault, and ultimately should bear the burden for Boyer’s loss. Therefore, we find that the trial court clearly erred when it failed to grant Trinity’s third-party demand for indemnification against Randolph.
For the foregoing reasons, the judgment of the trial court rejecting the third-party demand of Trinity Universal Insurance Company of Kansas, Inc. against Wade B. Randolph, Jr. is reversed and set aside. The judgment is recast as follows:
It is ORDERED, ADJUDGED, AND DECREED that there be judgment herein in favor of Trinity Universal Insurance Company of Kansas, Inc. against Wade B. Randolph, Jr. in the amount of $30,000 plus legal interest from the date of judicial demand until paid. In all other respects, the judgment of the trial court is affirmed. Costs of this appeal are assessed to appel-lee, Wade B. Randolph.
AFFIRMED IN PART; REVERSED IN PART AND RENDERED.

. The BMW in question is a "gray market car” —a vehicle which is manufactured in Europe for European use but which is imported and converted for use in the United States. Apparently, Sunbelt, Reimer-Oberst and Manfred Schaefer, Inc., a German corporation, had a continuing relationship whereby Reimer-Oberst would export the BMWs to the United States and Sunbelt would locate buyers.

. Although missing from the record, Boyer filed a supplemental petition asserting claims in warranty against both Randolph and Cop as defendants. Since the record contains answers filed by Randolph and Cop to the missing supplemental petition and Trinity attached a copy of the filed supplemental petition to its brief, we will regard it as supplementing the record.

. Although not included in the record, approximately four months after the judgment was rendered, Boyer and Trinity executed a receipt and release agreement and a subrogation agreement. It should also be noted that Trinity had a subro-gation clause in the insurance policy issued to Boyer.

. Since Boyer has not appealed the dismissal of his claim against Cop, and Trinity did not make Cop a third-party defendant, we cannot consider Boyer’s demand against Cop. In limiting our treatment of the issues because of the procedural posture of the case, it is not our intent to imply that Boyer had no claim against Cop. See LSA-C.C. Art. 2503.